## DALEY v. SALT LAKE & U. R. CO.

No. 3625.   Decided June 4, 1926.   (247 P. 293)

1. RAILROADS. To trespasser on railroad's private right of way, it owes no duty except not to wilfully, wantonly, or recklessly injure him.[1]

2. APPEAL AND ERROR—INSTRUCTION THAT LIMITATION OF SPEED OF CARS IN FRANCHISE ORDINANCE APPLIED ONLY TO OPERATION ON STREETS HELD HARMLESS; EVIDENCE SHOWING DECEASED WAS STRUCK WHILE A TRESPASSER ON PRIVATE RIGHT OF WAY WITHOUT BREACH OF ONLY DUTY TO TRESPASSERS. Any error in instructing that the limitation of speed of cars in an ordinance granting franchise for operation of electric railroad applied only to opera-

---

[1] Rainey v. Oregon Short Line R. Co., 64 Utah, 445, 231 P. 807.

tion on streets was harmless, the evidence showing deceased was struck, while a trespasser on company's private right of way, and there being no evidence of breach of the company's only duty under such circumstances not to wilfully, wantonly, or recklessly injure him.

3. RAILROADS—ONE STRUCK ON ELECTRIC RAILROAD'S PRIVATE RIGHT OF WAY WHERE HE COULD NOT HAVE BEEN EXPECTED TO BE HELD TRESPASSER. Deceased, when struck by electric car being wrongfully on company's private right of way, some distance from where track left street, at a place where he could not have been expected to be, was a trespasser, relative to duty owing him.

4. TRIAL—OMISSION TO SUBMIT LAW ON LAST CLEAR CHANCE AND WILFUL, WANTON, OR RECKLESS NEGLIGENCE WAS PROPER; NO EVIDENCE WARRANTING RECOVERY ON EITHER DOCTRINE FOR DEATH OF TRESPASSER ON ELECTRIC RAILROAD'S PRIVATE RIGHT OF WAY. There being no evidence to warrant recovery for death of trespasser on private right of way of electric railroad on the doctrine of last clear chance, or that of wilful, wanton, or reckless negligence, it was proper to omit submission of the law relating to those subjects.

Appeal from District Court, Fourth District, Utah County; *A. B. Morgan*, Judge.

Action by Sarah Ann Daley, administratrix, against the Salt Lake & Utah Railroad Company. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*Dey, Hoppaugh & Mark* and *Walton & Walton*, all of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth*, of Salt Lake City, for respondent.

CHERRY, J.

On May 19, 1917, Joseph S. Daley was struck and killed

Corpus Juris-Cyc. References:
[1, 2] Appeal and Error, 4 C. J. p. 1037 n. 76; p. 1041 n. 33; Railroads, 33 Cyc. p. 770 n. 77.
[3, 4] Railroads, 33 Cyc. p. 889 n. 55; p. 914 n. 7.

by an electric car operated by defendant on its railroad track which runs through Provo City. Alleging that his death was caused by the wrongful act and negligence of defendant, his administratrix brought this action to recover damages. A trial was had before a jury. Verdict was for defendant. Plaintiff has appealed. The errors assigned relate to the court's instructions to the jury.

The railroad track, at the place in question, traverses a public street running east and west to a point where it turns north, there departs from the street, and continues upon the private premises and right of way of defendant. At the curve and on the street, cars were accustomed to stop on signal for taking on or discharging passengers. There was no evidence that pedestrians or prospective passengers or patrons of defendant had been accustomed to travel upon, or use, the premises of defendant north of the street. The accident in question occurred about 11 o'clock at night. A car left Provo station bound for Salt Lake City, and proceeded westerly along the street and to the curve referred to, turned north, and at a point on defendant's private right of way, variously stated to be from 41 to 90 feet north of the street, struck and killed the deceased. The deceased stepped or stood in front of the car, and was not seen by the motorman until the car was within 40 feet of deceased, when it was impossible to avoid the accident.

There was no proof of negligence by the defendant other than the speed at which the car was moving. A city ordinance granting the franchise to defendant for the operation of its railroad limited the speed of its cars to 12 miles per hour. There was evidence that at the time in question the speed of the car was at the rate of 25 or 36 miles per hour.

The court instructed the jury to the effect that the ordinance limited the speed of defendant's cars only while they were being operated on public streets, and not while traveling on defendant's private property. The plaintiff excepted to this instruction, and it is here assigned and argued as error. The error, if any, is not available to plaintiff. The

main question in the case is whether the deceased was a trespasser at the time of his injury. If he was a trespasser, the defendant owed him no duty, except not to wilfully, wantonly, or recklessly injure him. *Rainey v. O. S. L. R. R. Co.,* 64 Utah, 445, 231 P. 807. There is no evidence of that duty being violated. If he was not a trespasser, the restriction placed upon the ordinance by the instruction did no harm to plaintiff's case. So far as the speed of the car upon the street was concerned, the plaintiff had the full benefit of the ordinance.

Another reason why the above mentioned and all other supposed errors in the court's instructions were harmless and immaterial is that the evidence in the case was such as to preclude the plaintiff from recovering any judgment at all.

Several witnesses who were in a position to see testified that no person was seen at the usual stopping place when the car approached that point. It is undisputed that the car was equipped with a headlight, and that its bell was rung and whistle sounded as it rounded the curve before the accident. That the railroad track and the approaching car were plainly visible to the deceased cannot be doubted. All of the evidence upon the question shows that deceased was wrongfully on the private right of way of defendant at a place where he could not have reasonably been expected to be, and that he was therefore a trespasser. This fact was so clearly established by uncontradicted evidence as to leave no room for differences of opinion by reasonable minds. It is too plain for argument that the accident was the result of the negligence of deceased. There being no evidence to warrant recovery upon the doctrine of "last clear chance" or wilful, wanton or reckless negligence, the court properly omitted to submit the law relating to those subjects to the jury.

Judgment affirmed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.